UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO: _____

BEACH BLITZ CO., a Florida
Corporation d/b/a OCEAN 9 LIQUOR, and
d/b/a as OCEAN 11 MARKET,

       Plaintiff,

v.

CITY OF MIAMI BEACH, FLORIDA,
a municipal corporation of the State of Florida,
PHILIP LEVINE, an individual, JIMMY
MORALES, an individual, MICKEY
STEINBERG, an individual, RICKY ARRIOLA,
an individual, MICHAEL GREICO, an individual,
JOY MALAKOFF, an individual, KRISTEN
ROSEN GONZALEZ, an individual,
JOHN ELIZABETH ALEMAN, an individual,
RAUL J. AGUILA, an individual, and
ALEKSANDR BOKSNER, an individual

       Defendants.

_____/

## COMPLAINT

       Plaintiff, BEACH BLITZ CO., a Florida corporation d/b/a OCEAN 9 LIQUOR and d/b/a as OCEAN 11 MARKET, through undersigned counsel, sues Defendants, CITY OF MIAMI BEACH, FLORIDA, a municipal corporation of the State of Florida, PHILIP LEVINE, an individual, JIMMY MORALES, an individual, MICKEY STEINBERG, an individual, RICKY ARRIOLA, an individual, MICHAEL GREICO, an individual, JOY MALAKOFF, an individual, KRISTEN ROSEN GONZALEZ, an individual, JOHN ELIZABETH ALEMAN, an individual, RAUL J. AGUILA, an individual and ALEKSANDR BOKSNER, an individual, and alleges:

### INTRODUCTION AND NATURE OF ACTION

       Approximately two years ago, principally through the actions of Mayor Philip Levine and

Commissioner Ricky Arriola, the City of Miami Beach, commenced coordinate process to address the chronic crime problem on Miami Beach and in particular the area known worldwide as South Beach. South Beach has been an entertainment and party mecca known internationally for over thirty (30) years. That reputation has created hundreds of millions, if not billions of dollars in revenue for the State of Florida and most particularly, Miami-Dade County and the City of Miami Beach. South Beach remains a worldwide go to party destination to this day.

Allegedly based upon the complaints of citizens of Miami Beach[1], a series of meetings occurred internally within the City that included various commissioners, the Mayor, the City Manager, the City Attorney, the Chief of Police, code enforcement officials, and other relevant participants and stakeholders. The result of those meetings includes a targeted plan to materially restrict liquor sales within the MXE district, the heart of South Beach, as well as the CD-2 district which is immediately adjacent to and west of the MXE district.[2]

Unfortunately, what started as a legislatively legitimate attempt to control crime (albeit through a process not directly related to controlling crime, but to severely restrict the sale of alcohol) has resulted in an intentional, malicious and now illegal campaign against certain specific establishments that sell liquor including targeted clubs and all four package stores in the MXE district.

In fact, Mayor Philip Levine was quoted by the Miami Herald in the Opinion published by the Herald on October 26, 2017, calling certain businesses on South Beach that sell liquor "malignant tumors." The Mayor's malicious intent is clear. The Herald recognized that maliciousness in its Opinion, without directly saying so, opining that the advocates for alcohol sales restrictions (the Mayor and the Commissioners) were overreaching and the effect was "legally shaky". In fact, the Herald recommended that the citizens of Miami Beach vote against a referendum arranged by Mayor Levine and Commissioner Arriola, to reduce the hours of

---

[1] Relatively few actual citizens live in South Beach as the area is primarily a venue for businesses, *e.g.* hotels, restaurants, entertainment venues and retail stores.

[2] See Definition of MXE district at ¶¶19-21, below.

operation of outdoor café components of nightclubs from 5:00 a.m. to 2:00 a.m.  A copy of the Herald's Opinion is attached as Exhibit "A".

In addition to the referendum directed to Mayor Levine's "malignant tumors", the Mayor and certain commissioners along with staff,[3] have internally targeted four package liquor stores within the MXE district and peppered those stores with improper code enforcement violations, intentional police blockades restricting access to certain of those stores, and most recently an egregious forced closing of one of those stores, Plaintiff's Ocean 9 Liquor, without due process. The cessation of operations by Ocean 9 Liquor was accomplished by overt threat by two Miami Beach police officers and one code enforcement officer, to place the owner of the store in jail if he did not voluntary close his store because of an alleged dispute over a several hundred dollar Business Tax Receipt ("**BTR**"), otherwise known as an occupational license fee.  That store remains closed today – 24 days later.

Over 15 employees are left without jobs and the City has no defense or excuse other than Ocean 9 Liquor was allegedly a few months delinquent in paying a few hundred dollar occupational license fee the City itself affirmatively prevented from being paid because of the pendency of a special master proceeding dealing with the very violation and thereafter, an inability to timely update its "system". After preventing payment, the City refused to issue a current BTR even though that very violation was resolved through the City's special master process. Plaintiff attempted on multiple occasions to obtain the BTR, once having resolved all pending violations.  In spite of a valid and binding resolution of the BTR issue and others by Agreed Order dated September 28, 2017, Plaintiff's principal was physically prevented from obtaining a BTR until he was threatened with jail if he did not close the store at 865 Collins Ave on Friday, October 6, 2017.

Even more telling, the closure was one day after a meeting by Plaintiff's counsel with a Deputy City Attorney to voice objection to the ongoing, systematic reduction of business hours

---

[3] Staff includes all employees of the City which are not elected.

for the sale of the alcohol by package stores in the MXE district. According to Deputy City Attorney Boksner, the closure that Friday was not likely coincidental. An interesting admission.

Mayor Levine's overzealous campaign, countenanced to date by the Commission cannot be allowed. The result as applied to Plaintiff is in violation of federal and state laws and results in an improper taking without due process and other intentional, malicious and irreparably harmful acts as more fully set forth herein below. As such, Plaintiff files the instant complaint seeking redress (1) for the City's wrongful and unconstitutional closing of one of Plaintiff's locations and (2) to declare invalid and enjoin the City's arbitrary, capricious and unreasonable ordinances designed to bankrupt the four package stores in the MXE district.

## JURISDICTION AND VENUE

1.      This is an action for declaratory and injunctive relief and damages, pursuant to the Fourteenth Amendment of the United States Constitution and 42 U.S.C §1983.

2.      This Court has original jurisdiction pursuant to 28 U.S.C. 1331 and 1343 over Plaintiff's causes of action under the Constitution of the United States, 42 U.S.C. §1983 and Declaratory Judgment Act, 28 U.S.C §2201 and 2202.

3.      This Court has personal jurisdiction over Defendants in that they are located and/ or reside in the Southern District of Florida

4.      Venue is proper in the Southern District of Florida pursuant to 28. U.S.C. 1391(a) in that Defendants are subject to personal jurisdiction within the Southern District of Florida and the events which give rise to this action occurred within the Southern District of Florida.

## THE PARTIES

5.       Plaintiff, BEACH BLITZ CO., is a Florida corporation with its principal place of business in Miami Beach, Florida. Plaintiff does business as OCEAN 9 LIQUOR and OCEAN 11 MARKET and services South Beach, Florida, with a wide variety of packaged beer, wine, liquor, and related supplies. Plaintiff's locations are at 865 Collins Avenue and 1100 Collins Avenue. Plaintiff offers free delivery to the surrounding area of hotels, residences, and the beach. In addition OCEAN 9 LIQUOR maintains a live disc jockey on the premises and has at

all times relevant been licenses to so.  Plaintiff is a package store[4]  providing sales of packaged liquor.  Plaintiff has been operated at its locations since approximately 2003 pursuant to written lease agreements which require the operation of a retail liquor store.  Doron Doar is Plaintiff's principal and was threatened with imprisonment if he refused to close the store located at 865 Collins Avenue on October 6, 2017.

6.      Defendant, CITY OF MIAMI BEACH, FLORIDA (the "**City**") is a municipal corporation organized under the laws of the State of Florida.  It is governed by the laws and constitution of the United States of America, the laws and constitution of the State of Florida and by its municipal Charter and Code.  Pursuant to applicable law, the City regulates the location, size, hours of operation, and minimum patron age for alcoholic beverage establishments within its borders.

7.      Defendant, PHILIP LEVINE, is an adult individual, the Mayor of the City, and otherwise *sui juris*.  Mayor Levine is a principal leader in the City's goal to terminate the sale of alcohol in the MXE district and other parts of the City.  The City's goal appears to be limitless as it includes putting small businesses ("malignant tumors") out of business.

8.      JIMMY MORALES is an adult individual, the City Manager, and otherwise *sui juris*.

9.      Defendant, MICKEY STEINBERG is an adult individual, a Commissioner for the City and otherwise *sui juris*.

10.     Defendant, RICKY ARRIOLA is an adult individual, a Commissioner for the City and otherwise *sui juris*.

11.     Defendant, MICHAEL GREICO is an adult individual, a Commissioner for the City and otherwise *sui juris*.   Commissioner Greico recently resigned his commission set but was a Commissioner at all times relevant.

12.     Defendant JOY MALAKOFF is an adult individual, a Commissioner for the City

---

[4] The City defines a package store as any store primarily engaged in the business of selling alcoholic beverages for off-premises consumption and that has a license for package sales from the State Division of Beverages and Tobacco in the classification of 1-APS, 2-APS, or PS.

and otherwise *sui juris*.

13.     Defendant KRISTEN ROSEN GONZALEZ is an adult individual, a Commissioner for the City and otherwise *sui juris*.

14.     Defendant JOHN ELIZABETH ALEMAN is an adult individual, a Commissioner for the City and otherwise *sui juris*.

15.     Defendant RAUL J. AGUILA is an adult individual, the City Attorney for the City and otherwise *sui juris*.

16.     Defendant, ALEKSANDR BOKSNER, is an adult individual, a Chief Deputy City Attorney for the City and otherwise *sui juris*.   Mr. Boksner is a principal player in the actions resulting in the unlawful closure of Plaintiff's store at 865 Collins Avenue.

17.     At all relevant times described herein, the Commission as an expression of municipal policy and on behalf of the City adopted the Code Sections and Ordinances discussed below acting through its duly authorized agents, Mayor Levine, Manager Morales and the Commissioner Defendants, and Alek Boksner.

18.     At all times alleged herein, the City and its officials, employees and agents were acting under color of state and local law.

<u>**GENERAL ALLEGATIONS**</u>

A.     **The MXE District**

19.     The MXE Mixed Use Entertainment ("**MXE**") district is characterized by a variety of uses, ranging in intensity from apartment buildings and retail stores to restaurants and entertainment establishments, which attract a large volume of pedestrians and vehicular traffic. Comparatively, few actual citizens of Miami Beach reside in the MXE district.

20.     The MXE district was designed by the City to encourage the substantial restoration of existing structures, allow for new construction and the coexistence of multiple private businesses and entertainment uses.

21.     The MXE district is composed of the area between Ocean Drive to Washington Avenue on the east and west side and 5th Street to 15th Street on the north and south side.  Said

otherwise, the MXE district is the heart of South Beach as it is known worldwide. See Exhibit B.

22.     Plaintiff operates 2 package stores within the MXE district.

23.     There are 2 other package stores in the MXE district, other than Plaintiff's stores.

**B.     Ocean 9 and the Neighborhood**

24.     Plaintiff's store at 865 Collins Avenue is located directly across the street from the residence of Mitch Novick, a principal in a well-known, vocal opponent of the sale of liquor on South Beach.  Mr. Novick and Mayor Levine are well-known to one another.

25.     Upon information and belief, Mr. Novick has made at least 6 unsubstantiated noise complaints with respect to Plaintiff's business from the period of May 2016 to September 2017, and numerous "informal" complaints directly to some of the Defendants and the City police department.

26.     Access to Plaintiff's store at 865 Collins Avenue is routinely impaired by the City and its officers, agents and employees.  Specifically, 9th street between Collins Avenue and Ocean Drive is routinely shut down not allowing vehicle or pedestrian traffic.  The shutdown occurs without explanation and is only affected on 9th street, the street coincidently which Mr. Novick's residence overlooks.  No other streets are routinely barricaded.

**C.     The City's Action Plan against Liquor Stores and Sales**

27.     Beginning in 2016, the City commenced a campaign to limit and/or severely curtail the sale of alcohol in the MXE district.  According to the City, the package sales of alcoholic beverages in the MXE district encourage individuals to consume alcoholic beverages in the City's parks, and on the City's streets and sidewalks.   The alleged basis for the proposed restrictions was to reduce crime in the MXE district and South Beach in general.

28.     Regulation of the sale of alcoholic beverages is a legitimate legislative province so long as any such ordinance is not arbitrary or capricious and is reasonable in the context of its implementation and effect.  Cities may only regulate certain aspects of the sale of alcohol and said regulation may not otherwise impair state law on the sale of alcohol.

29.     The City apparently concluded that the consumption of open containers of

alcoholic beverages in public places disturbs the quiet enjoyment of the community, causes undesirable noise, and contributes to litter, noxious odors, and the general degradation of the City.  There is no direct finding that the four package stores in the MXE district are a causal link to any crime in that district.  Nor is there actual support that eliminating one or such packages stores will improve the crime problem.  None of those package stores are in violation of any law that would impair their right to operate.

30.     The City concluded it was in its best interest and to serve the health, safety, and welfare of its residents and visitors, to prohibit package stores and package sales of alcoholic beverages in the MXE district.  As such, the Commission passed an ordinance that determined that going forward from the effective date of Ordinance No. 2016-4047 no new package stores would be allowed in the MXE district.  The 4 existing stores were unaffected, including Plaintiff's stores.

31.     Little did Plaintiff or the other package store owners know at that time that a trap was being set.

32.     Further forward with the plan against alcohol sales, the City concluded that it was in its best interest and to serve the health, safety, and welfare of its residents and visitors, to substantially reduce the allowable time periods during which alcohol could be sold.  Thus, began the systematic passage of a series of overreaching, unreasonable ordinances designed to bankrupt the four package stores by systematically reducing their legal hours of sale.  In less than a year, the proposed reduction will be a reduction from a 16 hour period to a 10 hour period.  Most hours being eliminated are at peak sale time.

**D.     The City's Code Relative to the Business Tax Receipt**

33.     All business owners operating within City are required to obtain a Business Tax Receipt (formerly known as an Occupational License) (a "**BTR**").  A BTR license is essentially a tax on the operation of a business.

34.     A BTR license is valid from October 1st to September 30th of the following year and must be renewed prior to the commencement of the new fiscal year on October 1, 2017.

35.     The Code provides penalties for failure to obtain a valid BTR license, including routine fines.  There are enhanced penalties for multiple violations regarding operating without a valid BTR that include incarceration and/or proceedings to enjoin operation of the business.[5] Section 102.377, Miami Beach City Code.

36.     The Code also states that the City may prevent a business from operating until the required tax receipt is obtained.

37.     On or before October 1, 2015, Plaintiff applied for and obtained a BTR license identified as RL-10005692 for the store located at 865 Collins Avenue.

38.     Since approximately June 2017, when Plaintiff discovered it needed to renew its BTR license, Plaintiff has been attempting to renew the BTR for the store on 865 Collins Avenue.

39.     Plaintiff has been intentionally thwarted by the City from doing so as more fully described below.

40.     The City has intentionally, unilaterally and arbitrarily refused to renew Plaintiff's BTR license for its store at 865 Collins Avenue, despite accepting and retaining all fees relative to same. The City continued to cite Plaintiff for not having its BTR license for the store located at 865 Collins Avenue even after Plaintiff tendered payment of the licensee fee and penalties for being tardy.

41.     That refusal is now the basis for the City's position that Plaintiff may never reopen because his "new" proposed use as a package store is a non-conforming use pursuant to 2016 Ordinance No. 2016-4047.    The trap is sprung.  One store down; three to go.

42.     The City intentionally prevented Plaintiff from updating his license yet now says that because Plaintiff didn't timely update its license it is barred from future operation.  Those actions are not only unlawful and in bad faith, they are unconstitutional on their face.  It is a well-known principal of law that a party may not relay on a failed legal condition when that

---

[5] Such actions, of course, would require Constitutional due process.

party caused the very failure relief upon.

**E.     The City's Code relative to the Sale of Alcohol**

43.     Chapter 6 of the City Code establishes minimum regulations for the sale and consumption of alcoholic beverages throughout the City, and district-specific alcoholic beverage regulations are set forth in Chapter 142.

44.     In its current form, the Code allows package stores to sell alcoholic beverages, whether as a permitted main or accessory use, for off-premises consumption between the hours of 9:00 a.m. and 10:00 p.m.[6]  Section 6-3 City Code.

45.     As more fully discussed below the time periods during which package stores may sell alcoholic beverages has changed at least over 3 times in the course of six months

**F.     The Ordinances Designed to Restrict the Sale of Alcohol[7]**

46.     On October 19, 2016, the Mayor and the City Commission adopted Ordinance No. 2016-4047, which altered the allowed uses within the MXE district.  Specifically, Ordinance No. 2016-4047 prohibits package stores and package sales of alcoholic beverages by any retail store or alcoholic beverage establishment with in the MXE district.[8]  Additionally, the Ordinance prohibits entertainment in package stores.[9] See Exhibit C.

47.     On November 9, 2016, the Mayor and City Commission adopted Ordinance No. 2016-4058, which prohibited package liquor sales at retail stores (including package, grocery, convenience, and any other retail stores, as well as gasoline stations/service stations) and alcoholic beverage establishments before 10:00 a.m. (instead of 8:00 a.m.) each day.  See Exhibit D.

---

[6] These restrictions appear not apply to big chain stores such as Walgreens which operates in the MXE district and the MXE district seems to specifically change direction to exclude another Walgreens location.

[7] The ordinances discussed in this section are collectively referred to as "Ordinances".

[8] All legal package stores in operation at the time the Ordinance was passed were grandfathered in as a matter of law.

[9] Plaintiff's store at 865 Collins Avenue operated on that date and lawfully provided entertainment in that store as it was licensed by the City to do.

48.     On March 1, 2017, the City Commission reviewed a prior version of this Ordinance, which proposed to prohibit package liquor sales before 9:00 a.m. However, following discussion on this item, the City Commission directed staff to revise the proposed Ordinance to prohibit package liquor sales before 8:00 a.m.

49.     On April 26, 2017, the Mayor and City Commission reviewed the revised ordinance and directed the City Attorney's Office to prepare a revised draft ordinance that further restricted the hours of package liquor sales in the MXE district and citywide between 10:00 a.m. and 10:00 p.m.

50.     On June 7 2017, Ordinance No. 2017-4101 was enacted again changing the hours of package liquor sales in the MXE district and specifically differentiating the rights of persons in the MXE district when compared to those in other districts.  There is no rational nexus between the ordinance and the problem sought to be solved, crime.

51.     Specifically Ordinance No. 2017-4101 provided that retail package stores could sell alcohol between the hours of 8:00 a.m. and midnight.  See Exhibit E.

52.     However, Ordinance No. 2017-4101 specifically stated that notwithstanding the citywide hours, package stores within the MXE district would only be permitted to sell alcoholic beverages between the hours 10:00 a.m. and 10:00 p.m.  Id.

53.     Approximately 3 months later, the City passed Ordinance No. 2017-4131 which further restricted the sale of alcohol by package stores in the MXE district.  See Exhibit F. Ordinance No. 2017-4131 now set the time period as the hours between 9:00 am. and 10:00 p.m.

54.     Apparently unhappy with the restrictions, in September 2017, Defendants proposed again attempted to change the hours of package liquor sales in the MXE district.  See Exhibit G.  Specifically, the September Ordinance proposed that package stores within the MXE district would only be permitted to sell alcoholic beverages between the hours 10:00 a.m. and 8:00 p.m.

55.     A first reading of the September Ordinance was held on September 13, 2017.

56.     A second reading of the September Ordinance is currently scheduled for October

31, 2017.  If passed, the hours of package liquor sales in the MXE district will be restricted to between 10:00 a.m. and 8 p.m.

57.     If passed, the September Ordinance would be the 4th change to the hours of package liquor sales in the MXE district in the span of 10 months

**G.      The Alleged Code Violations by Plaintiff Giving Rise to Closure of Plaintiff's Store**

**a.      December 2016**

58.     On Wednesday, December 21, 2016 at  <u>8:39 a.m</u>. a Code Compliance officer presented Plaintiff with a notice of violation alleging a violation of Section 6-3(1)(A) of the City Code.  In the notice, the City Code Compliance officer states that the violation was based upon Plaintiff's sale of alcoholic beverages between the hours of midnight and 10:00 a.m.   The violation was identified as Case Number 2016-11719.  <u>See</u> Exhibit H.

59.     Subsequently, Plaintiff was provided a different sheet of paper for the December violation.   <u>See</u> Exhibit I.   This paper identified the Case Number as CC2016-01704 but maintained a violation of Section 6-3(1)(A) of the City Code. <u>Id</u>.

60.     In this notice, the violation stated that Section 6-3(1)(A) of the City Code provides that retail stores in the MXE district for package sales only may make sales of alcohol for off-premises consumption between the hours of 8:00 a.m. and midnight.

61.     The violation was issued at <u>8:39 a.m. </u> – thus within the then existing lawful time periods for sale.

62.     As more fully discussed below, Plaintiff appealed the December violation, invoking the jurisdiction of the Special Master.

**b.      June 2017**

63.     On <u>Sunday</u>, June 25, 2017 at 11:30 p.m., a Code Compliance Officer presented the following notices of violation to Plaintiff:

- Violation identified as Code Case Number CC2017-03102.  This violation alleged that Plaintiff had violated . <u>See</u> Exhibit J.

- Violation identified as Code Case Number CC2017-03103.  This

> violation alleged that Plaintiff had violated Article V, Section 102-
> 377 of the City Code by failing to obtain a Business Tax Receipt.
> <u>See</u> Exhibit K.

64.     The June BTR notice provided that it was a 1st offense and carried a fine (and other monetary charges) of $1,000.00.  <u>Id</u>.

65.     The June BTR notice further set forth the following penalties:

- a 1st violation – a civil fine of $1000.00

- enhanced enforcement pursuant to subsection 102-377(d)[10]

- imprisonment not to exceed 60 days or by imposition of a fine not to exceed $500.00 or both if the violation continued for a period of thirty (30) days or more.

<u>Id</u>.

66.     Significantly, the June notices set forth that "failure to comply will result in your prosecution before the City of Miami Beach Special Master.  The Special Master may impose fines of up to $1,000 per day for noncompliance and up to $5,000 per day for recurring violations.  Failure to pay imposed fines will lead to placement of liens upon the real and personal property of violators which will be foreclosed on otherwise collected as provided the City code."  <u>Id</u>.

67.     The June notice provides that "fines and/or violations may be appealed within ten (10) days of receipt of the notice of violation.  To appeal a fine and/or violation submit a written request for an appeal to the Clerk of the Special Master…."

68.     The June notice does not provide that failure to comply will result in the immediate closing of the package store by the City Code Compliance Officer.  <u>Id</u>.

### i.     Plaintiff appeals the fines and/or violations of the December and  June notices

69.     Consistent with the Code and as set forth in the violation notices, Plaintiff

---

[10] Subsection 102-377(d) of the City Code provides "In addition to the above, a continued violation of subsection 102-377(a) for a period of 30 days or more without first obtaining a tax receipt, shall be punished by imprisonment not to exceed 60 days or by imposition of a fine not to exceed $500.00 or both."

appealed the December and June violations to the Special Master.   The Special Master accepted jurisdiction and proceeded in the ordinary course.

70.     A hearing was held on the appeal to the Special Master on August 28, 2017.  At that time, the parties advised the Special Master that they had reached an agreement which would resolve the violations.   The agreement required Plaintiff to pay a fine in the sum of One Thousand ($1,000.00) Dollars.  The Special Master approved the agreement.

71.     As a result, on the very same day, Plaintiff issued Check No. 2738 in the sum of $1,000.00.  However, because a written order had not been issued by the Special Master, the City would not accept the payment as an order had not been submitted and entered into the "system". This entry into the "system" is necessary to lift the restriction on tendering payment to, *inter alia*, renew the BTR license.

72.     On Thursday, September 28, 2017, a full month after reaching an agreement, the Special Master issued an agreed order affirming Citations CC2016-01704, CC2017-03102 and CC2017-03103.  See Exhibit L.

73.     In its agreed order the Special Master assed a fine in the amount of One Thousand ($1,000.00) Dollars against Plaintiff.  Id.  The order required Plaintiff to pay the fine within thirty (30) days of the entry of the agreed order – to wit:  October 28, 2017.  Id.

74.     From Thursday, September 28, 2017 through and including Wednesday, October 4, 2017, Plaintiff repeatedly presented payment to the City to comply with the Special Master's order and to obtain its BTR.

75.     From Thursday, September 28, 2017 through and including Wednesday, October 4, 2017, the City provided a series of reasons of why payment could not be accepted.  For example, the City claimed that it could not accept payment because the Special Master's order had not yet been put into the system.

76.     Finally, on Wednesday, October 4, 2017, the City accepted Plaintiff's payment of the $1,000 fine.

77.     The City also accepted late fees relative to the BTR; however it refused to accept

the payment to renew the BTR.

78.     This fact is confirmed by the on-line registry which shows that violations CC2017-03102 and CC2017-03103 were closed on October 4, 2017.  See Exhibit M.

79.     Significantly, although paid the same day as the other violations, the on-line registry shows that violation CC2016-01704 was closed on October 13, 2017 (9 days after the City accepted Plaintiff's check, 16 days after the Special Master's order and 46 days after the parties had agreed to a resolution of the issues raised by the 3 violations).  See Exhibit N.

80.     Despite accepting the payment which was in compliance with the Special Master's order, the City has refused to allow the issuance of Plaintiff's BTR that Plaintiff had been trying to obtain since notice of the violation in June 2017.

### c.     October 2017

81.     On Friday, October 6, 2017 at 5:00 p.m., quite remarkably, a Code Compliance Officer again presented a notice of violation to Plaintiff alleging that Plaintiff had violated Article V, Section 102-377 of the City Code by failing to obtain a Business Tax Receipt.  See Exhibit O.  The Code Case Number was set forth at CC2017-03686.

82.     The October notice provided that it was 2nd offense and carried a fine (and other monetary charges) of $500.00.  Id.

83.     The October notice further set forth the following penalties:

- a 1st violation – a civil fine of $1000.00

- enhanced enforcement pursuant to subsection 102-377(d)[11]

- imprisonment not to exceed 60 days or by imposition of a fine not to exceed $500.00 or both if the violation continued for a period of thirty (30) days or more.

84.     Significantly, the October notice sets forth that "failure to comply will result in your prosecution before the City of Miami Beach Special Master.  The Special Master may

---

[11] Subsection 102-377(d) provides "In addition to the above, a continued violation of subsection 102-377(a) for a period of 30 days or more without first obtaining a tax receipt, shall be punished by imprisonment not to exceed 60 days or by imposition of a fine not to exceed $500.00 or both."

impose fines of up to $1,000 per day for noncompliance and up to $5,000 per day for recurring violations.  Failure to pay imposed fines will lead to placement of liens upon the real and personal property of violators which will be foreclosed on otherwise collected as provided the City code."

85.    The October notice does not provide that failure to comply will result in the immediate closing of the package store by the City Code Compliance Officer.

86.    The October notice was issued during the period allowed for payment of the Special Master's fine relative to, in part, a violation of Article V, Section 102-377 of the City Code (failing to obtain a Business Tax Receipt) and after Plaintiff had made the payment required by the Special Master to resolve three violations, one of which was failure to obtain a Business Tax Receipt.

**G.    Plaintiff is Closed Down by Code Enforcement for Failing to Have a BTR License**

87.    On Friday, October 6, 2017 (the very same day the October notice was issued to Plaintiff), Code enforcement[12] coerced Plaintiff's principal, Doron  Doar, by threat of immediate imprisonment, to close Plaintiff's business due to Plaintiff's alleged failure to obtain a BTR.

88.    The City did not serve Plaintiff with a written administrative complaint prior to closing Plaintiff's business due to its alleged failure to obtain a BTR.   Such written, administrative complaint is required by Section 102-383.

89.    The City did not set a hearing or hold a hearing prior to closing down Plaintiff's business.  As such, Plaintiff was given no due process for the closure and taking of his business.

90.    Since that time, the City has refused to allow Plaintiff to obtain a BTR, stating that, pursuant to Ordinance No. 2016-4047, package stores and package sales of alcoholic beverages by any retail store or alcoholic beverage establishment within the MXE district are prohibited.

**H.    Plaintiff's plight with respect to its package store at 865 Collins Avenue**

---

[12] At that time, the Code enforcement office was accompanied by two City police officers.

91.     Plaintiff has been operating Ocean 9 Liquor as a liquor store at its location on 865 Collins Avenue (half a block from Ocean Drive on 9th Street) since 2011.

92.     The entrance to this package store is approximately 50 feet from the entrance to Mangos, a well-known and popular night club on South Beach.[13]

93.     Plaintiff retained the undersigned law firm in late August or early September, 2017, relative to recent passage of ordinances restricting the sale of liquor by package stores within the MXE district.

94.     At that time, Plaintiff had recently become aware of the reduction in hours for sales by package stores.  The allowed period had been changed from 8:00 am to midnight to, 10:00 a.m. to 10:00 p.m., by virtue of Ordinance No.  2017-4101  becoming effective on June 7, 2017

95.     Shortly after being retained, the undersigned firm,  through primarily the efforts of Miguel Diaz de la Portilla, a lawyer and well-known lobbyist, it became apparent that a second ordinance was in process designed to further restrict the hours from 10:00 a.m. to 8:00 p.m.

96.     Such a reduction would be catastrophic for the four package stores in the MXE district as it would effectively reduce their hours of operation by approximately 28% and lead to the likely reduction in revenue of approximately 50%.

97.     Mr. Diaz de la Portilla quickly arranged meetings with the City Manager, Deputy City Attorney, Commissioner Arriola (the sponsor of the subject ordinances) and other commissioners.

98.     A meeting with Deputy City Attorney, Eve A. Boutsis, was scheduled for Thursday, October 5, 2017 at 1:00 p.m., and a call with Commissioner Arriola[14] was scheduled, for Friday, October 6, 2017 at 2:00 p.m.

---

[13] Upon information, Plaintiff believes Mangos is one of the so-called "malignant tumors" referred to by Mayor Levine.

[14] Commissioner Arriola chose not to have an in-person meeting.

99.     The meeting with Deputy City Attorney Boutsis occurred and lasted for approximately an hour.  The meeting was positive and allowed Mr. Diaz de la Portilla to gain further information about the City's concerns.  Mr. Diaz de la Portilla advised the Deputy City Attorney that Plaintiff would be happy to meet with all of the individuals and stakeholders within the City over the course of the next 60 days to discuss how Plaintiff could assist the City in its crime prevention efforts without the passage of the more restrictive hour of operation which it was argued, were arbitrary, capricious, unreasonable and designed to force the package stores out of business in the MXE district.

100.     On Friday, October 6th at 1:45 p.m., fifteen minutes before the scheduled call with Commissioner Arriola, the Commissioner's office called and abruptly canceled the call without explanation and without making provision for a further meeting.   The writing was on the wall.

101.     Approximately an hour later, the undersigned received a call from Plaintiff's principal indicating that a City code compliance officer and two policemen came to Plaintiff's store at 865 Collins Avenue and threatened to imprison Plaintiff's principal if he did not close the store immediately.  Plaintiff also advised that it was cited for failure to have a BTR.

102.     Mr. Diaz de la Portilla called Deputy City Attorney Boksner on the following Monday.  Deputy City Attorney Boksner advised that the City's actions of the past few days were not likely coincidental and a long time coming.   Evidence of the scheme and its perpetuators begins to emerge.

103.     As of October 6, 2017, the City once again prohibited both Plaintiff and its agents from paying the BTR until the Special Master process (which took over 6 months) was concluded and in the system.[15]  Had the City allowed payments as tendered multiple times before October 6, no violation could have been issued and Plaintiff would be operating today.

---

[15] As previously discussed, the Agreed Order was not executed by the Special Master until Thursday, September 28, 2017.  The Order was not recorded in the City's system until late the following week, effectively giving Plaintiff no time to pay the fees/fines before being closed on October 6, 2017.  The Agreed Order allowed Plaintiff 30 days to pay the fees/fines.  See Exhibit L.

104.    On October 11, 2017, for the first time since being cited for a BTR violation, Plaintiff was actually able to pay[16] the appropriate fines and the fees for its BTR.

105.    Those amounts remain paid to date and have not been refunded. Yet, the City refuses to issue Plaintiff a BTR now suggesting that it no longer has a conforming use because in 2016, the City passed Ordinance No. 2016-4047 prohibiting package stores from selling alcohol in the MXE district.  The City reasons that since there was no "current" BTR, it cannot renew the BTR because of the conforming use ordinance.  Clearly, the City dithered on allowing Plaintiff to renew his BTR for fiscal year 2016-2017 to get past the date necessary to spring its trap.

106.    Said otherwise, the City intentionally ambushed Plaintiff as it was a specific target of the City, the Mayor, Commissioner Arriola and certain citizens, including Mitchell Novick who owns the building directly across the street and lives directly across the street from the entrance to Plaintiff's store at 865 Collins Avenue.

107.    All conditions precedent to the commencement and maintenance of this action have been satisfied, performed, waived, or otherwise discharged.

108.    Plaintiff has retained the undersigned counsel as its attorney in this matter and is obligated to pay them a reasonable for their services.

**COUNT I**
**DECLARATORY JUDGMENT/INJUNCTIVE RELIEF**
**(Wrongful Closure)**

109.    Plaintiff realleges and reincorporates by reference paragraphs 1 through 108 as if fully set forth herein.

110.    On October 6, 2017, Defendants wrongfully threatened and wrongfully coerced through the threat of imprisonment, Doron Doer, Plaintiff's principal to shut down Plaintiff's business operations at 865 Collins Avenue.

111.    Said threats and resulting closure are inconsistent with federal, state and local laws and ordinances.

---

[16] Plaintiff made such payment through the City's online system.

112.    Said threats and resulting closure are unconstitutional and lacking due process.

113.    Said threats and resulting closure are all part of Defendants' targeted plan to eliminate the Ocean 9 Liquor store at 865 Collins Avenue specifically and ultimately all package stores on South Beach.

114.    The resulting closure was caused by the City's intentional failure to allow Plaintiff to obtain a BTR for over 6 months.

115.    Said actions are inconsistent with Section 102.3-377(b)(2) which sets forth the City's rights and remedies relative to the BTR.

116.    Moreover, said actions are inconsistent with the City's failure to allow Plaintiff to pay any associated fines and to renew or otherwise update its BTR subsequent to the Special Master's Agreed Order dated September 28, 2017.

117.    The City specifically refused to allow Plaintiff or any its representative to pay the fines relative to the BTR violation within the jurisdiction of a Special Master proceeding which ended on September 28, 2017 and wrongfully closed the package store less than one week later based on the very violations dealt with in the Special Master order which had not yet been entered in the City system and which prevented Plaintiff from otherwise doing that which the City  now complains about.

118.    The City's actions were intentional, targeted, and clearly directed to ambush Plaintiff and allow the City to take the position that because of the conforming use change that had occurred a year early, Plaintiff could no longer obtain a new BTR and operate its package store going forward.

119.    Therefore, Plaintiff is entitled to declaratory and injunctive relief.

WHEREFORE Plaintiff, BEACH BLITZ CO., a Florida corporation d/b/a OCEAN 9 LIQUOR and d/b/a as OCEAN 11 MARKET, respectfully requests the following:

1.    Declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring the City's actions relative to the closing of Plaintiff's store at 865 Collins Avenue to be improper, unconstitutional, discriminatory and intentionally designed to ambush Plaintiff;

2.     Declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring that Plaintiff is and was at all times in compliance with appropriate law as it had initiated the appeals with the Special Master, complying with the Agreed Order issued by the Special Master, and was prevented from paying the fines and fees necessary to continuously operate and to otherwise avoid the City's now bad faith argument that it can no longer obtain a BTR;

3.     Declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring for purposes of all relevant periods that Plaintiff's store at 865 Collins Avenue had been operating legally and uninterrupted through its wrongful closer on October 6, 2017;

4.     Immediate issuance of mandatory temporary restraining order, preliminary and permanent mandatory injunction pursuant to Fed.R.Civ. P. 65, ordering the City, its officers, agents and employees to issue Plaintiff a BTR license and allow Plaintiff to re-open its business at 865 Collins Avenue without interference from Defendants;

5.     An award of attorney's fees and costs; and

6.     Ordering such further relief deemed just and proper.

**COUNT II**
**VIOLATION OF 42 U.S.C. §1983**

120.     Plaintiff realleges and reincorporates by reference paragraphs 1 through 108 as if fully set forth herein.

121.     Plaintiff maintains this cause of action pursuant to 42 U.S.C. §1983 and seeks monetary damages and attorneys' fees (pursuant to 42 U.S.C. §1988) for the deprivation of its property and liberty interests, as mores particularly set forth herein.

122.     As more particularly described herein, Defendants have established a custom, policy, pattern and practice of unlawfully targeting package stores in the MXE district in an unconstitutional and illegal fashion, not reasonably related to any legitimate result, but only designed to remove the "malignant tumors" all of which are lawfully operating small businesses.

123.     Defendants have intentionally created a policy that unlawfully targets the package stores, clubs and restaurants in the MXE district.

124.    This unlawful targeting is evident in the Ordinances and in the Defendants'
unilateral suspension of Plaintiff's BTR without even the most minimal compliance with Code
Section 102-383.

125.    Defendants subjected Plaintiff to conduct that occurred under color of state law.

126.    Defendants' conduct deprived Plaintiff of rights, privileges, or immunities
guaranteed under federal law and the U.S. Constitution and is by definition discriminatory.

127.    The Ordinances restricting the period in which alcohol may be sold by package
stores constitutes irreparable harm.

128.    Therefore, Plaintiff is entitled to declaratory and injunctive relief and damages.

WHEREFORE Plaintiff, BEACH BLITZ CO., a Florida corporation d/b/a OCEAN 9
LIQUOR and d/b/a as OCEAN 11 MARKET, respectfully requests the following:

1.    Declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring the City's
actions relative to the closing of Plaintiff's store at 865 Collins Avenue to be improper,
unconstitutional, and intentionally designed to ambush Plaintiff without justification of law;

2.    Declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring that
Plaintiff is and was at all times in compliance with appropriate law as it had initiated the appeal
with the Special Master, complying with the Agreed Order issued by the Special Master, and was
prevented from paying the fines and fees necessary to continuously operate and to otherwise
avoid the City's now bad faith argument that it can no longer obtain a BTR;

3.    Declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring for
purposes of all relevant periods that Plaintiff's store at 865 Collins Avenue had been operating
legally and uninterrupted through its wrongful closer on October 6, 2017;

4.    Declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring
Ordinance Nos. 2016-4047, 2016-4058 and 2017-4101 unconstitutional as applied to Plaintiff
because they violate numerous provision of the federal Constitution as set forth herein;

5.    Declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring the
proposed September Ordinance unconstitutional as applied to Plaintiff because it violates

numerous provision of the federal Constitution as set forth herein;

6.     Immediate issuance of a mandatory temporary restraining order, preliminary and permanent mandatory injunction pursuant to Fed.R.Civ. P. 65, ordering the City, its officers, agents and employees to issue Plaintiff a BTR license and allow Plaintiff to re-open its business at 865 Collins Avenue without interference from Defendants;

7.     For damages in its favor and against Defendants, CITY OF MIAMI BEACH, FLORIDA, a municipal corporation of the State of Florida, PHILIP LEVINE, an individual, JIMMY MORALES, an individual, MICKEY STEINBERG, an individual, RICKY ARRIOLA, an individual, MICHAEL GREICO, an individual, JOY MALAKOFF, an individual, KRISTEN ROSEN GONZALEZ, an individual, JOHN ELIZABETH ALEMAN, an individual, RAUL J. AGUILA, an individual, and ALEKSANDR BOKSNER, and individual, jointly and severally;

8.     An award of attorney's fees and costs; and

9.     Ordering such further relief deemed just and proper.

## COUNT III
## VIOLATION OF THE 14th AMENDMENT – SUBSTANTIVE
## DUE PROCESS AND TAKINGS CLAIM

125.     Plaintiff realleges and reincorporates by reference paragraphs 1 through 108 as if fully set forth herein.

126.     The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits the City from depriving any person of life, liber or process without due process of law.

127.     Plaintiff has a liberty and/or property interest in conducting its lawful business of selling alcohol from its package story and receiving income from said sale.

128.     The City's unilateral and arbitrary suspension of Plaintiff's BTR license and resulting closure of its business is without due process of law, *to wit*: notice and opportunity to be heard.

129.     Further, the City's suspension of Plaintiff's BTR license under the Code and Ordinance No. 2016-4047 deprives Plaintiff of the liberty and/or property interest in retaining

such license, conduct sales of alcohol and/or receive income from said sales without any hearing or proceedings before such suspension and deprivation occurred.

130.    In addition, the Ordinances and the City's actions in limiting the sale of alcoholic beverages by package stores in the MXE district is unreasonable and unconstitutional taking as it deprives Plaintiff of his business and the income from sales of alcoholic beverage without a legitimate and established purpose other than to put package liquor stores out of business.

131.    The City's actions relative to the closing of Plaintiff's store at 865 Collins Avenue have no reasonable relation to any legitimate local government purpose.  The City does not have any compelling state interest or rational basis for its actions, especially since they are limited to a 15 block perimeter between Ocean Drive and Collins Avenue and ignore the reality that alcoholic beverages may be purchased outside that perimeter (a block away) from 8:00 am to midnight.  Neither has the City demonstrated the crime problem alleged to be the basis for the actions will be impacted in any fashion once these businesses are destroyed.

132.    As a result, the City's actions, on their face and/or as applied are unreasonably discriminatory and violate the Due Process Clause of the Fourteenth Amendment.

133.    Defendants' closing of Plaintiff's business and the Ordinances restricting the period during which alcohol may be sold constitute irreparable harm.

134.    Therefore, Plaintiff is entitled to declaratory and injunctive relief and damages.

WHEREFORE Plaintiff, BEACH BLITZ CO., a Florida corporation d/b/a OCEAN 9 LIQUOR and d/b/a as OCEAN 11 MARKET, respectfully requests the following:

1.    Declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring the City's actions relative to the closing of Plaintiff's store at 865 Collins Avenue to be improper, unconstitutional, and intentionally designed to ambush Plaintiff;

2.    Declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring that Plaintiff is and was at all times in compliance with appropriate law as it had initiated the appeals with the Special Master, complying with the Agreed Order issued by the Special Master, and was prevented from paying the fines and fees necessary to continuously operate and to otherwise

avoid the City's now bad faith argument that it can no longer obtain a BTR;

3.      Declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring Ordinance Nos. 2016-4047, 2016-4058 and 2017-4101 unconstitutional as applied to Plaintiff because they violate numerous provision of the federal Constitution as set forth herein;

4.      Declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring the proposed September Ordinance unconstitutional as applied to Plaintiff because it violates numerous provision of the federal Constitution as set forth herein;

5.      Declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring for purposes of all relevant periods that Plaintiff's store at 865 Collins Avenue had been operating legally and uninterrupted through its wrongful closer on October 6, 2017;

6.      Immediate issuance of a mandatory temporary restraining order, preliminary and permanent mandatory injunction pursuant to Fed.R.Civ. P. 65, ordering the City, its officers, agents and employees to issue Plaintiff a BTR license and allow Plaintiff to re-open its business at 865 Collins Avenue without interference from Defendants;

7.      For damages in its favor and against Defendants, CITY OF MIAMI BEACH, FLORIDA, a municipal corporation of the State of Florida, PHILIP LEVINE, an individual, JIMMY MORALES, an individual, MICKEY STEINBERG, an individual, RICKY ARRIOLA, an individual, MICHAEL GREICO, an individual, JOY MALAKOFF, an individual, KRISTEN ROSEN GONZALEZ, an individual, JOHN ELIZABETH ALEMAN, an individual, RAUL J. AGUILA, an individual, and ALEKSANDR BOKSNER, and individual, jointly and severally;

8.      An award of attorney's fees and costs; and

9.      Ordering such further relief deemed just and proper.

## COUNT IV
## VIOLATION OF 42 U.S.C. §1983
**(Retaliation for First Amendment Expression)**

135.    Plaintiff realleges and reincorporates by reference paragraphs 1 through 108 as if fully set forth herein.

136.    Plaintiff maintains this cause of action pursuant to 42 U.S.C. §1983 and seeks

monetary damages and attorneys' fees (pursuant to 42 U.S.C. §1988) for Defendants actions' against Plaintiff for Plaintiff's protected First Amendment Conduct.

137.    Specifically, on or about October 5, 2017, Plaintiff, through his counsel met with Deputy City Attorney Boksner to discuss Plaintiffs' concerns regarding the ongoing changes to the hours in which a package store could sell alcohol.

138.    At that time, Plaintiff explained that Defendant's ongoing changes to the hours were severely impacting Plaintiff's business income and that as a result Plaintiff would oppose any further reductions to the hours of operation.

139.    Plaintiff's speech to Defendants is constitutionally protected.

140.    In response to Plaintiff's speech, on the very next day - October 6, 2017, Code enforcement and two City police officers ordered the immediate closing of Plaintiff's store (865 Collins Avenue) or suffer imprisonment.

141.    Deputy City Attorney Boksner essentially suggested that the City's actions were intentional targeted toward Plaintiff.

142.    Defendants' closing of Plaintiff's business constitutes irreparable harm.

143.    Therefore, Plaintiff is entitled to declaratory and injunctive relief and damages.

WHEREFORE Plaintiff, BEACH BLITZ CO., a Florida corporation d/b/a OCEAN 9 LIQUOR and d/b/a as OCEAN 11 MARKET, respectfully requests the following:

1.    Declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring the City's actions relative to the closing of Plaintiff's store at 865 Collins Avenue to be improper, unconstitutional, and intentionally designed to ambush Plaintiff;

2.    Declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring that Plaintiff is and was at all times in compliance with appropriate law as it had initiated the appeals with the Special Master, complying with the Agreed Order issued by the Special Master, and was prevented from paying the fines and fees necessary to continuously operate and to otherwise avoid the City's now bad faith argument that it can no longer obtain a BTR;

3.    Declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring

Ordinance Nos. 2016-4047, 2016-4058 and 2017-4101 unconstitutional as applied to Plaintiff because they violate numerous provision of the federal Constitution as set forth herein;

4.      Declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring the proposed September Ordinance unconstitutional as applied to Plaintiff because it violates numerous provision of the federal Constitution as set forth herein;

5.      Declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring for purposes of all relevant periods that Plaintiff's store at 865 Collins Avenue had been operating legally and uninterrupted through its wrongful closer on October 6, 2017

6.      Immediate issuance of a mandatory temporary restraining order, preliminary and permanent mandatory injunction pursuant to Fed.R.Civ. P. 65, ordering the City, its officers, agents and employees to issue Plaintiff a BTR license and allow Plaintiff to re-open its business at 865 Collins Avenue without interference from Defendants;

7.      For damages in its favor and against Defendants, CITY OF MIAMI BEACH, FLORIDA, a municipal corporation of the State of Florida, PHILIP LEVINE, an individual, JIMMY MORALES, an individual, MICKEY STEINBERG, an individual, RICKY ARRIOLA, an individual, MICHAEL GREICO, an individual, JOY MALAKOFF, an individual, KRISTEN ROSEN GONZALEZ, an individual, JOHN ELIZABETH ALEMAN, an individual, RAUL J. AGUILA, an individual, and ALEKSANDR BOKSNER, and individual, jointly and severally;

8.      An award of attorney's fees and costs; and

9.      Ordering such further relief deemed just and proper.

**COUNT V**
**DECLARATORY JUDGMENT/INJUNCTIVE RELIEF**
**(Section 102-377(e) of the Code)**

144.    Plaintiff realleges and reincorporates by reference paragraphs 1 through 108 as if fully set forth herein.

145.    Section 102-377(e) of the City Code suggests the city may prevent a business from operating until the required BTR is obtained.

146.    Said subsection is directly inconsistent with Section 102-377(b)(2) which states that a person who violates the BTR requirements may be subject to "suit for injunctive relief to enjoin operation of the business."

147.    Said inconsistency renders the Section 102-377 of the City Code vague.

148.    Further, the City Code's authorization to prevent a business from operating until the required BTR is obtained without requiring due process, violates the United States Constitution.

149.    Defendants' closing of Plaintiff's business constitutes irreparable harm.

150.    Therefore, Plaintiff is entitled to declaratory and injunctive relief.

WHEREFORE Plaintiff, BEACH BLITZ CO., a Florida corporation d/b/a OCEAN 9 LIQUOR and d/b/a as OCEAN 11 MARKET, respectfully requests the following:

1.    Declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring Section 102-377 of the City Code unconstitutional as it violates the U.S. Constitution as set forth herein;

2.    Immediate issuance of a mandatory temporary restraining order, preliminary and permanent mandatory injunction pursuant to Fed.R.Civ. P. 65, ordering the City, its officers, agents and employees to issue Plaintiff a BTR license and allow Plaintiff to re-open its business at 865 Collins Avenue without interference from Defendants;  and

3.    Ordering such further relief deemed just and proper.

**COUNT VI**
**DECLARATORY JUDGMENT/INJUNCTIVE RELIEF**
**(The Ordinances)**

151.    Plaintiff realleges and reincorporates by reference paragraphs 1 through 108 as if

fully set forth herein.

152.    Ordinance Nos. 2016-4047, 2016-4058, 2017-4101, 2017-4131 and the proposed September Ordinance violate Fla. Stat. 562.45 by overly restricting the lawful sale of alcohol.

153.    Therefore, Plaintiff is entitled to declaratory and injunctive relief.

WHEREFORE Plaintiff, BEACH BLITZ CO., a Florida corporation d/b/a OCEAN 9 LIQUOR and d/b/a as OCEAN 11 MARKET, respectfully requests the following:

1.    Declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring Ordinance Nos. 2016-4047, 2016-4058 and 2017-4101 unconstitutional as applied to Plaintiff because they violate numerous provision of the federal Constitution as set forth herein;

2.    Declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring the proposed September Ordinance unconstitutional as applied to Plaintiff because it violates numerous provision of the federal Constitution as set forth herein;

3.    Immediate issuance of a mandatory temporary restraining order, preliminary and permanent mandatory injunction pursuant to Fed.R.Civ. P. 65, ordering the City, its officers, agents and employees to issue Plaintiff a BTR license and allow Plaintiff to re-open its business at 865 Collins Avenue without interference from Defendants; and

4.    Ordering such further relief deemed just and proper.

**COUNT VII**
**BREACH OF FLA. STAT. 562.45**
**(The Ordinances)**

149.    Plaintiff realleges and reincorporates by reference paragraphs 1 through 108 as if fully set forth herein.

150.    The State of Florida issued Plaintiff a license to sell alcohol.

151.    At all times relevant, Plaintiff has held a valid license to sell alcohol.

152.    Defendants' actions in passing Ordinance Nos. 2016-4047, 2016-4058, 2017-4101, 2017-4131and proposing the September Ordinance breach Fla. Stat. 562.45 by overly restricting the lawful sale of alcohol and essentially restricting the rights afforded to Plaintiff by Fla. Stat. 562.45.

153.     Defendants'' actions exceed the authority delegated to Defendants' by Fla. Stat. 562.45 and is therefore, unconstitutional and void *ab initio.*

154.     Defendants' closing of Plaintiff's business constitutes irreparable harm.

155.     Defendants' actions have caused and continue to cause Plaintiff damages.

WHEREFORE Plaintiff, BEACH BLITZ CO., a Florida corporation d/b/a OCEAN 9 LIQUOR and d/b/a as OCEAN 11 MARKET, respectfully requests the following:

1.     Entry of damages in its favor and against Defendants, CITY OF MIAMI BEACH, FLORIDA, a municipal corporation of the State of Florida, PHILIP LEVINE, an individual, JIMMY MORALES, an individual, MICKEY STEINBERG, an individual, RICKY ARRIOLA, an individual, MICHAEL GREICO, an individual, JOY MALAKOFF, an individual, KRISTEN ROSEN GONZALEZ, an individual, JOHN ELIZABETH ALEMAN, an individual, RAUL J. AGUILA, an individual, and ALEKSANDR BOKSNER, and individual, jointly and severally;

2.     Immediate issuance of a mandatory temporary restraining order, preliminary and permanent mandatory injunction pursuant to Fed.R.Civ. P. 65, ordering the City, its officers, agents and employees to issue Plaintiff a BTR license and allow Plaintiff to re-open its business at 865 Collins Avenue without interference from Defendants; and

3.     Ordering such further relief deemed just and proper.

Dated: October 30, 2017

**SAUL EWING ARNSTEIN & LEHR LLP**
*Counsel for Plaintiff*
200 S. Biscayne Blvd., Suite 3600
Miami, Florida 33131
Telephone:     305-374-3330
Facsimile:      305-374-4744
E-Mail:         phil.hudson@saul.com
E-Mail:         hilda.piloto@saul.com
E-Mail:         ana.sharp@saul.com
E-Mail:         mia-ctdocs@saul.com

By:___/s/ Phillip M. Hudson III_____
                Phillip M. Hudson III
                Florida Bar No. 518743
                Hilda Piloto
                Florida Bar No. 0154120