# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-23958-UU

BEACH BLITZ CO., a Florida corporation
d/b/a OCEAN 9 LIQUOR, and
d/b/a as OCEAN 11 MARKET,

    Plaintiff,

v.

CITY OF MIAMI BEACH, FLORIDA, *et al.*,

    Defendants.
_____/

## **ORDER**

THIS CAUSE is before the Court upon Defendants' Verified Motion for Attorneys' Fees and Incorporated Memorandum of Law (the "Motion") (D.E. 73).

THE COURT has considered the Motion and the pertinent parts of the record, including but not limited to the original and supplemental briefings on the Motion, and is otherwise fully advised in the premises.

This matter was referred to United States Magistrate Judge John J. O'Sullivan, who, on January 17, 2019, issued a Report (the "Report") (D.E. 98) recommending that the Motion be granted in part and denied in part and that the Court should award Defendants[1] $132,785.85 in reasonable attorneys' fees. The parties were given fourteen days to file objections to the Report. Defendants agreed with the Magistrate's findings on entitlement but objected to the findings as to the "drastic and arbitrary reductions" in fees to be awarded. D.E. 102 (the "Defendants'

---

[1] The Defendants are: Philip Levine, Jimmy Morales, Mickey Steinberg, Ricky Arriola, Michael Grieco, Joy Malakoff, Kristen Rosen Gonzalez, John Elizabeth Aleman, Raul J. Aguila, Aleksandr Boskner, and the City of Miami Beach, Florida.

1

Objections"). Plaintiff objected to the Report's findings on entitlement but did not object to the amount of fees to be awarded. D.E. 101 (the "Plaintiff's Objections"); *see LoConte v. Dugger*, 847 F.2d 145 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988) (holding that failure to timely file objections bars the parties from attacking factual findings on appeal). The parties timely filed responses to one another's objections. D.E. 105; D.E. 106.

Upon *de novo* review, the Court agrees with Magistrate Judge O'Sullivan's Report and concurs in all of his findings.

As to Plaintiff's objection that Magistrate Judge O'Sullivan failed to consider the testimony presented at the preliminary injunction hearing, relying only the Complaint's allegations to determine frivolity, this objection lacks merit. Instead, the Court agrees with Defendants that because the Complaint was dismissed for failure to state a claim, the appropriate scope of review is whether the Complaint alleged a *prima facie* case. *See* D.E. 106 at 2 & n.2, 11. The Court also agrees with Defendants that the preliminary injunction hearing testimony would not defeat the finding of frivolity, as the Court held that Plaintiff failed to establish a likelihood of success as to any claim at the preliminary injunction hearing. *See id.* at 2 n.2, 11. Finally, to the extent that Plaintiff wanted to direct Magistrate Judge O'Sullivan to specific testimony (which ultimately would have been a futile exercise), it could have done so in its initial briefings. Indeed, in the Report, Magistrate Judge O'Sullivan admonished Plaintiff for its conclusory reference to "supporting evidence" in support of a *prima facie* case. *See* Report at 12. This objection is overruled.

As to Plaintiff's objections that its claims were not "groundless, frivolous, unreasonable and without foundation," the Court finds that these objections are either: (i) identical to arguments previously raised in its briefings on the Motion and are specifically and properly addressed in the

Report; or (ii) newly-raised arguments not previously presented before the Magistrate and as such, the Court declines to address them. See *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge.") (internal quotation omitted).

As to Defendants' objections to Magistrate Judge O'Sullivan's fee reductions, the Court concludes that the Magistrate properly (1) reviewed the categories of fees stage-by-stage of the litigation, using his experience to sort the unredacted time entries into categories; (2) determined whether the fees incurred were excessive for that stage; and (3) where he answered that question in the affirmative, applied a percentage reduction. The Court agrees with the Magistrate's findings as to overstaffing/top-heavy staffing,[2] duplication and excessive fees for relatively minor tasks. The Magistrate was reasonably specific, under the circumstances, as to why each particular percentage reduction was appropriate for each category of work. A compelling explanation of both the parties' obligations and the Court's role in awarding fees has been recited in this district as follows:

> It is the movant's burden…to prove the reasonableness of his fee request. To meet this burden, he should exclude inefficient work product, redundant hours, and duplicative tasks. He also should practice good billing judgment and submit a bill … that only he, himself, would expect to pay. *See Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988). The [opposing party] bear[s] a concomitant burden to show with specificity how the fee request is unreasonable. *See Lambert v. Fulton County, Ga.*, 151 F.Supp.2d 1364, 1369 (N.D. Ga. 2000). Notwithstanding the parties' above obligations, the Court is free to conduct its own independent review. *See Friedman v. So. Fla. Psych. Assocs., Inc.*, 139 F. App'x 183 (11th Cir. 2005).

---

[2] It is counterintuitive to claim that this case was facially frivolous and yet also presented "complex and unusual issues," Defs.' Objs. at 13 (citing *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 2002 WL 1801647, at *6 (S.D. Ind. July 5, 2002)), warranting a full fee award. Indeed, the *Cardiac Pacemakers* case justified a "top-heavy" fee award under a completely different standard: as sanctions for witness and counsel misconduct under 35 U.S.C. § 285. 2002 WL 1801647, at *1. That case expressly rejected a claim for fees on frivolity grounds, due to "the complexities and uncertainties of patent law." *Id.* at *2.

*Marleau v. Lawmen's and Shooters' Supply, Inc.*, 2009 WL 10668221, at *1 (S.D. Fla. Sept. 8, 2009) (alterations added); *see also Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (noting that, because a court "is itself an expert on the question" of reasonableness, "where the time or fees claimed seem expanded…the court may make the award on its own experience"). These objections are overruled.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Report of the Magistrate Judge, D.E. 98, is RATIFIED, ADOPTED, and AFFIRMED. It is further

ORDERED AND ADJUDGED that Plaintiff's Objections, D.E. 101, are OVERRULED. It is further

ORDERED AND ADJUDGED that Defendants' Objections, D.E. 102, are OVERRULED. It is further

ORDERED AND ADJUGDED that Defendants' Verified Motion for Attorneys' Fees, D.E. 73, is GRANTED IN PART AND DENIED IN PART as set forth in the Report. It is further

ORDERED AND ADJUDGED that FINAL JUDGMENT AWARDING ATTORNEYS' FEES in the amount of $132,785.85 is entered in favor of Defendants and against the Plaintiff.

DONE AND ORDERED in Chambers in Miami, Florida, this _11th___ day of March, 2019.

                                                                    */s/ Ursula Ungaro*
                                                          URSULA UNGARO
                                                          UNITED STATES DISTRICT JUDGE

cc:
counsel of record via CM/ECF